ATLANTIS ENTERPRISES v. E&B GIFTWARE et al. 2010-12-13 Here is Mr. Dunn with no oral opposition today. That's correct, your honor. Good morning. If it pleases the court, my name is Gerard Dunn from New York. Your honor, this was a design patent case that was filed pre-Egyptian guidance in California. After somewhat extensive litigation, the patent owner, plaintiff, moved to dismiss the case without prejudice. The judge converted that to a dismissal with prejudice on our motion. Then we moved for attorney's fees. Attorney's fees were denied in, if I can say real quickly, essentially because the judge, in her discretion, even if there had been extraordinary litigation, had been a violation of 285 as an extraordinary case, was going to rule there would be no attorney's fees in her discretion. And it's our opinion that the court below is an abuse of that discretion by having made what I would consider a clear error in judgment and weighing the relevant facts that need to be considered. And one of the most crucial facts, which I think was brought out to the judge and to opposing counsel right from the beginning of the case, is that the same patent had been litigated previously in New York at a plenary adjunction hearing in the Southern District of New York. And in that case, again, pre-Egyptian guidance, there were extensive proceedings by the inventor, declarations and statements and briefing as to what the points of novelty are. The points of novelty are not an accused device. But as you know, the trial court found that your side had engaged in a variety of activities that caused her to say that the Erasmi fraternity's fees constituted chutzpah. And you know the definition of chutzpah. Yes, sir. I'm from New York. Continued the litigation without a good faith basis. Made bad faith evidentiary objections. Vexatious motion for certified interlocutory appeal. Highly questionable litigation tactics. Papers were rife with error. That's plaintiff. She's comparing the plaintiffs with the vexus and the… Well, okay. But there are a whole lot of actions by your side that the judge decided constituted reasons not to award attorney fees. Your Honor, I'll explain that. One was the judge focused primarily, except for a footnote. And I was going to ask you about the footnote. The judge focused on your arguments in support of your motion for attorney fees as the reason for denying your motion. That's where she found your conduct was… Part of it, yes. Well, one of the arguments was that we had cited this California case, Ninth Circuit law, and the fact that when the case was converted to dismissal with prejudice, then the defendant did become the prevailing party. She had ruled we're not a prevailing party because there's been no adjudication on the merits. So we cited Ninth Circuit law, and she said we misled her because that's a Federal Circuit decision. Of course, the law is exactly the same. And she did find you a prevailing party. Correct. The law in the Federal Circuit and the Ninth Circuit is if there's a substantial change in the relationships of the parties, you're prevailing and you're entitled to whatever… You got costs, right? We got costs, yes, sir. We got costs. Well, I understood the judge's point there to be that citing those cases was unhelpful, at least, to her because there was direct on-point Federal Circuit authority, and these cases at most would be analogous authority. And so it was, at minimum, a lack of diligence on your part. Well, it was a mistake. I just assumed there was a procedural issue on what a prevailing party was. We didn't check the Federal Circuit because I was a trial counsel judge. That it was a procedural issue on how you would define a prevailing party. I mean, that was a mistake, but it was the same law. Because the Ninth Circuit case, as a matter of fact, that you cited wasn't even citing Federal law. It was a decision under Hawaii law. It was a diversity case. No, it was the Ninth Circuit law, though, about how you define a prevailing party. I believe that… I would defer to you if you have checked it, but I just finished reading it about 10 minutes before I came down here. And my understanding was they were talking about the application of Hawaii attorney fee eligibility under a Hawaii statute, which would mean that the question of prevailing party would be dictated by Hawaii law. Now, it may be that it's the same standard, but it's a bit of a leap to go from a state law attorney fee statute to say that, well, that's the applicable test for a patent prevailing party. Maybe the same test, but that's a lot to ask a busy district judge to extrapolate from when there is a Federal Circuit case right on point. Correct. So, I don't think it's fair to say that she was coming completely out of left field and criticizing you for that. No. No, no. Wait a minute. I'm not saying that. I'm sorry if you misunderstood from our briefing. We're talking about how the equity should be balanced here. We had a situation where the plaintiff, the patent owner, did no pre-suit investigation, where the California attorney that filed the complaint in California was working as an attorney in the case in New York, where he prepared the papers as to what the points of novelty were, which are not found in the accused's device. And all during the litigation, we brought this to the judge's attention in a motion to dismiss, instead of in lieu of an answer, and tried to convert it to a summary judgment motion. They objected to our evidence of what happened in New York. And so the judge said, well, under Rule 56-F, there's how to discovery. We went through all that discovery and proved that not only did this happen in New York, that these declarations were, see, the declaration was unsigned because of a preliminary injunction, and it hadn't had a signature, but the attorneys represented in court that this is what the inventor would say if he was here. You're saying, Mr. Dunn, that even if you accept all of the criticisms that the district court judge had with respect to your application for attorney fees, when you weigh those against the conduct of the other side, the case on Atlantis that was not challenged, you're saying that it's an abuse of discretion to not rule the fees justified. Yes, and it pales in significance, but this court stands for an abuse of discretion. One of the factors is, was there a clear error in judgment in failing to weigh the relevant factors? There wasn't any weighing of the most relevant factor in any patent infringement case where there's bad faith asserted against the patent owner, and that is, what was the reason for filing suit? What was the justification? We did not go into that. We had put substantial evidence that the case was filed in bad faith. We had to go through all the evidentiary procedures in the Southern District to establish that the plaintiff's counsel in California was the one that had prepared all those documents to show what the points of novelty were and made no investigation or no evaluation. This is clearly a violation of the standards you've put down in view engineering and its progeny about what are the duties of a patent owner to file suit and then start demanding retribution. One question I wanted to ask, and it's in footnote 8 on page A5 of the appendix, the judge says, although the court focuses its analysis on defendant's misconduct as it relates to the pending motion, which is what we've been discussing, such failings were not limited to the pending motion. Now, I looked through the appendix. Do you have any idea as to what the judge is referring to? The one thing I did see was where the judge, I guess the claim construction analysis, said that your argument based on judicial estoppel was not well taken or something like that. Do you have any ideas? Yes, but the judicial estoppel argument wasn't well taken because we couldn't prove that all these things had happened in Southern District on the preliminary injunction motion because we were being frustrated with attorney-client privilege claims and discovery, and I go through extensive motions to compel at the Southern District level. So, that's why we couldn't prove it because all during this time we had these documents, but we couldn't authenticate it. Well, she said they were not self-authenticated even though they were filed in the ECF, electronic case filing systems. She was not accepting judicial notice that they were evidentiary, and we couldn't get any agreement from opposing counsel that these were, in fact, correct documents, and we were being obstructed in all our depositions by asserting attorney-client. But yes, I think one thing she was talking about is that we had argued against the stay in view of Egyptian goddess, and what we had argued because we had notified the court of Egyptian goddess and said this is going to have to procure an order from this court that was going to revisit Egyptian goddess. We said this is going to be a sea change in design patent law and we objected to staying discovery because it would still be the Gorham issues of substantial similarity on the ordinary observer test. And we wanted the discovery of what happened in New York to go forward. That was stayed when she stayed in view of waiting for the decision of Egyptian goddess. We were again frustrated in getting the depositions of the attorneys in New York to document that the documents that were filed in New York were, in fact, not only well-known to plaintiff in California, to counsel, but he had participated in their drafting. And we didn't want the stay of that discovery. In fact, one of the arguments she's talking about is how we're asking for attorney's fees during the stay was because we had to go to the southern district judge and not only explain the stay to our clients and go through all of that, but we had to explain to the southern district judge why he now could not rule on our, we were asking him to stay and not rule on our motions to compel discovery, which to me was extraordinarily fundamental to this case. How could a plaintiff file this case knowing the points of novelty are not even close to them existing and then failing once we had challenged that, failing to come up during litigation with any kind of evidence-free basis for it, and then in response to the attorney's fees notion, say, oh, I discussed this with an engineer and a patent attorney, and naming these names for the first time then we had asked for discovery. What you're saying is the other side behaved badly. Oh, it was horrible, yes. But, I mean, this is an abuse of discretion issue and now court said your side behaved badly, too. So I'd like to explain that we did, that's one of the issues that when Judge Schnall asked me about, yes, we opposed the stay because we wanted to proceed forward at the southern district to prove what essentially was the fraud being performed before the court by California counsel. We also had, he argued about part of our, what we did wrong was asking for attorney's fees during the stay, and again, as I explained, we had work to do during the stay. When the Egyptian goddess, Procurum Egyptian goddess, Egyptian goddess II came down from this court, we had to do a lot of extensive work in analyzing that and explaining that to our client how it would affect the litigation and making the appropriate motions before the judge to essentially reinstitute and go back. But the, it's the old basketball term, no harm, no foul. We, yes, we led a nice circle but we should have cited the exact same law from the federal circuit. We didn't mislead the judge on whether or not we were the prevailing party. We were the prevailing party under this circuit's law. Yes, we cited the wrong case and yes, your honor, it was under Hawaii attorney fee statute that the ninth circuit was ruling on but it was still the ninth circuit law as to what is a prevailing party in litigation. The fact that the relationships have been changed. The patent owner now had, there was no infringement. So that was, and this was all by the way that had been done. They say we want to go home and pretend it never happened. And we were put substantial, substantial attorney's fees and I believe the judge was a little bit nitpicking on what we did wrong in citing ninth circuit versus fed circuit law which didn't change the law to justify them actually  and all due respect was a fraud before the court and refusing to authenticate these documents before summary judgment when we filed initially. The judge denied summary judgment under 56F giving him time to discover whether these documents were genuine when they prepared. This was essentially the case. We were denied on the stay motion which he was objecting. We couldn't prove the judicial notice aspects of these documents because they denied that they were true. The other side denied they were truthful and we had to eventually prove that they actually prepared. This is the kind of thing this court should not confidence in the fact that we cited ninth circuit versus second circuit law or objected to a stay in view of the teaching of God because we want to proceed forward in New York with our motions to compel to prove this essential fraud that was being made to the court. This is being held against us and when you're going to balance it all out I think it's pretty clear at least to me it's pretty clear that this court made an error in judgment in weighing the relevant factors. She didn't even weigh the most relevant factor and that was their good faith investigation pre-suit investigation to file that lawsuit. She never even concerned herself with that and I believe this court has lectured patent owners enough that you must have a pre-suit investigation. You must have some benefit. You have to have an investigation but we've not said that you have to have an opinion of counsel. You have commented to the trial judge in your reply that you have to have an opinion of counsel. No, we didn't say that. She said we said that. Yes, she did say that. You didn't say that? We said that once you're challenged you must come forward with affirmative evidence like an opinion of counsel and cited Brooks. We cited Brooks and that's for our reliance upon you. You may be right that you said an opinion of counsel is required. If you look at the Brooks case, Your Honor, cases of that magnitude. In fact, in Brooks where they said there was a justifiable opinion although it might have been wrong that it was a good faith opinion they denied attorney's fees. This court was very clear in saying this is what we're going to be looking to once you're challenged. Your Honor, this may be a semantical difference but it's not my opinion that you must have an opinion of counsel or you're dead as a patent lawyer. I don't believe that's the law. No, it isn't required that you have an opinion of counsel. Right. The question is whether you said that to the district judge. I don't think we did, Your Honor but I was very incensed when I read the opinion she said that. I don't believe that was what we said. What I think, but she criticized you for page 7 I think of your reply brief and what you said there was the law requires filing a suit for patent infringement not be taken lightly and pre-suit investigation from competent patent counsel are required before filing suit against a competitor. Atlantis and its prior counsel wrongfully failed in this duty. Judge Bryson asked me if I was saying you must have an opinion from counsel. That's what you are required. That an opinion is required. You have to have a pre-suit investigation. You have to have someone of competence. This was what pulling it up on pace this is what you said. I agree. I mean, I don't believe I said you must have an opinion that you can show to the court an attorney which is what I believe she held. Yes, you have to have pre-suit investigation. There has to be that's the rule of law and this is not something new. It has to be some sort of investigation from some competent counsel that there is in fact a basis here to file a suit. And when you have a situation where there is nothing that's been done. Nothing was done. Anything further, Judge? Thank you, Mr. Dunn. Thank you, Judge. Take the case under advisement. Thank you.